IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:06-CR-161-1 |
| ) | |
| JOSE GARCIA ESTRADA, JR., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582 (c)(1)(A). (ECF No. 70.) The Government has filed a Response opposing the motion. (ECF No. 74.) The Court, having considered the arguments of the parties as set forth below, finds Defendant has failed to show an extraordinary and compelling reason for a sentence reduction and the factors under 18 U.S.C. § 3553(a) counsel against a reduction. Accordingly, Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582 (c)(1)(A), (ECF No. 70), will be denied.

## I. BACKGROUND

On July 6, 2006, Defendant pled guilty to carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii) & 2. (ECF No. 39 at 1.) Defendant was determined to be a career offender, and his sentencing guideline range was 262 months to 327 months of imprisonment. (ECF No. 66, ¶ 59.) Defendant was sentenced to

280 months of imprisonment. (ECF No. 39 at 2.) Defendant is 45 years old, and his current projected release date is June 15, 2028.[1]

Defendant asserts three extraordinary and compelling reasons to support a reduction in sentence. (ECF No. 70 at 6-12.) First, he refers to his lengthy 280-month sentence and the fact that he has served over 17 years in prison. (*Id.* at 6-9.) Second, Defendant argues that evidence of his rehabilitation, along with his other reasons, supports granting a reduction. (*Id.* at 9-10.) Third, Defendant contends there is a disparity between his sentence and the typical sentence received for the same conduct, as well as a disparity between his sentence and the sentences of his co-defendants. (*Id.* at 10-12.)

The Government opposes the motion and argues that whether considered separately or together none of Defendant's proffered reasons demonstrate an extraordinary and compelling reason for a reduction. (ECF No. 74.) The Government further argues Defendant has failed to show any changes in the law that impacted his case, and notes that Defendant's 280-month sentence is well within the applicable sentencing guideline range based on Defendant's career offender status. (*Id.* at 7-8.) Finally, the Government also argues the § 3553(a) sentencing factors weigh against a reduction in sentence. (*Id.* at 13.)

## II. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1)

---

[1] Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ ( last visited Sept. 22, 2025) (enter "23270-057" in BOP Register Number field).

extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). While a court has broad discretion to consider what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A), a court is not wholly unrestricted. *See Davis*, 99 F.4th at 657. Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). The record reflects Defendant filed a request for compassionate release with the Bureau of Prisons ("BOP") on or about February 23, 2022, (ECF No. 74-2 at 1-3), and the Government does not contest exhaustion. (ECF No. 74 at 4 n.2.) The Court will, therefore, proceed to the merits of Defendant's motion. *See United States v. Muhammad*, 16 F.4th 126, 130-31 (4th Cir. 2021).

**A.     Extraordinary and Compelling Reasons**

1.     <u>Lengthy Sentence</u>

Defendant argues for a reduction in sentence relying on the length of his sentence and the fact he has served more than 17 years in prison for what he characterizes as a conviction for "taking a picture in a field of marijuana that he was growing." (ECF No. 70 at 8.) Defendant asks the Court to also consider that this sentence has been served during the Covid-19 pandemic which increased the severity of the sentence due to the lockdowns. (*Id.* at 9.)

3

In his supplement filed the same day as his motion, Defendant states that he is seeking a reduction in sentence "under § 1B1.13(b)(5) and (6) unusually long sentence from mandatory minimum based on career offender enhancement relation back to juvenile record and adult misconduct." (ECF No. 71 at 1.) The Sentencing Commission policy guidelines provide that an "unusually long sentence" may be an extraordinary and compelling reason for a reduction in the case of an intervening change in the law that has produced a gross disparity in sentence between the defendant's sentence and the sentence that would be imposed under the change in the law. *See* U.S.S.G. § 1B1.13(b)(6). Defendant also relies on the catch-all provision of the policy guidelines. That section states that an extraordinary and compelling reason for a reduction may exist when a defendant "presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reason described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4). U.S.S.G. § 1B1.13(b)(5). As discussed below, Defendant is unable to show he is entitled to relief under either analysis.

Defendant cites to cases in which defendants serving lengthy sentences have been granted reductions by other courts and states that "many of the factors that allowed for a sentence reduction under § 3582 mirror the factors in the present case." (ECF No. 70 at 7-8.) Defendant is incorrect. The cases cited by Defendant involve intervening changes in the law, such as the changes applicable to stacked 924(c) sentences, that would significantly reduce the sentences of the defendants if they were sentenced at the time they filed for relief. In contrast, Defendant was convicted on a single count of § 924(c), and there have been no intervening changes in the law which impact his conviction or sentence. Defendant's lengthy

4

sentence is a result of his status as career offender, an enhancement which would still apply if he was sentenced today.

Defendant appears to argue that the Court should otherwise find the totality of circumstances surrounding his sentence are similar in gravity to other extraordinary and compelling reasons to warrant a reduction. He argues he has served more than 17 years in prison for "taking a picture in a field of marijuana that he was growing," (ECF No. 70 at 8), and "very few defendants receive a 280-month sentence for one single Sec. 924(c) conviction that was based on a nonviolent drug offense." *(Id.)* Defendant also argues that his sentence should be viewed as particularly long given that public acceptance of marijuana has evolved significantly since he was convicted. *(Id.)* Finally, he asks the Court to consider that he has served his incarceration during the restrictive Covid-19 lockdowns. *(Id.* at 9.)

Defendant is unable to show he is entitled to relief based on these arguments. Defendant mischaracterizes his actions and the circumstances of his conviction and sentence. Contrary to Defendant's representation, he was not convicted for taking a picture while holding a gun in a field of marijuana. Defendant was convicted of carrying a firearm during and in relation to his large-scale drug trafficking operation in violation of § 924(c). No. 66, ¶¶ 1-12.) Defendant's arguments about societal changes regarding marijuana use have no bearing on his firearm conviction. Defendant's lengthy 280-month sentence is based on his status as a career offender, and the appropriateness of the sentence must be evaluated in that context. Notably, his sentence falls in the lower half of the sentencing guideline range applicable to his case.

Defendant's arguments with respect to Covid-19 are also unavailing. Defendant does not refer to Covid-19 in terms of a particular health risk but argues that "[t]he pandemic has

5

sufficiently increased the severity of the sentence he received beyond what was originally anticipated." (ECF No. 70 at 8.) He contends that the stress of possibly being exposed to Covid and the "very restrictive living conditions" with limited access to jobs and BOP programming supports finding an extraordinary and compelling reason for relief. (*Id.* at 9.)

The Covid-19 lockdowns were unquestionably restrictive, but the conditions were imposed in response to the public health emergency and put in place to help protect prisoners. *See United States v. Trapp*, No. 1:18CR54-1, 2023 WL 2978941, at *3 (N.D. W.Va. Apr. 17, 2023) (concluding the emergency operating procedures put in place during the Covid emergency were based on guidance from the Centers for Disease Controls, intended to protect staff and inmates, and do not constitute an extraordinary and compelling reason to reduce the defendant's sentence.). As courts have recognized, the conditions were not intended to be punitive, were not unique to any one defendant, and without more, do not establish an extraordinary and compelling reason for a reduction in sentence. *See, e.g.*, *United States v. Anderson*, No. 2:98CR143, 2025 WL 1644020, at *7 (E.D. Va. June 10, 2025); *United States v. Shankle*, No. 3:20CR248, 2024 WL 666498, at *4 ((W.D.N.C. Feb. 16, 2024); *United States v. Jones*, No. JKB-12-0247, 2023 WL 203819, at *2 (D. Md. Jan. 13, 2023); *United States v. Fuentes*, No. 3:17CR123, 2023 WL 3959390, at *2 (W.D.N.C. June 9, 2023). Accordingly, the Court finds Defendant has failed to establish an extraordinary compelling reason for a reduction based on the length of his sentence or conditions under which it has been served.

2. <u>Rehabilitation</u>

Rehabilitation "is not, by itself, an extraordinary and compelling reason" for release, but the Court may consider rehabilitation "in combination with other circumstances in determining whether and to what extent" a sentence reduction is warranted. U.S.S.G. §

6

1B1.13(d). Defendant argues that his rehabilitation, when considered with his other reasons, supports granting a reduction in sentence. (ECF No. 70 at 9.) He indicates he has completed over 20 programs while in BOP custody. (*Id.* at 9.) He asserts he attempted to complete his GED but has been unable to do so because of the lockdowns. (*Id.*)

The record indicates Defendant has taken over thirty BOP courses, including pre-GED programming, and courses on how to find a job. (ECF No. 74-3 at 1.) While the Court commends these steps toward rehabilitation, Defendant's efforts do not rise to the level of an extraordinary and compelling reason for relief. Good behavior and efforts towards rehabilitation are expected of an inmate. *See United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are *supposed* to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary."); *see also United States v. McCain*, Case No. 1:06CR203-1, 2023 WL 7385546, at *8 (M.D.N.C. Nov. 8, 2023) (finding no extraordinary and compelling reasons where defendant showed rehabilitation but made no other successful arguments in favor of release). Moreover, in evaluating whether Defendant is rehabilitated the Court must consider the full scope of Defendant's post-conviction behavior. Defendant's prison record reflects approximately 30 disciplinary infractions. (ECF No. 74-4 at 1-12.) These citations include offenses such as refusing to obey an order, fighting, and multiple citations for possessing a weapon and possessing drugs or alcohol. (*Id.*) Accordingly, Defendant has failed to establish an extraordinary and compelling reason for a reduction in sentence based on his rehabilitation.

### 3. Disparity in Sentences

Finally, Defendant argues he can show an extraordinary and compelling reason for a reduction because there is a disparity between his sentence and the average sentence for such conduct, and because there is a disparity between his sentence and the sentences of his co-defendants. (ECF No. 70 at 10-11.) Defendant may be entitled to relief if he demonstrates a disparity that presents a circumstance "similar in gravity" to the other extraordinary and compelling circumstances specified in the guidelines. *See* U.S.S.G. § 1B1.13(b)(5).

Defendant asserts that the national average for drug trafficking offenses is 94 months. (ECF No. 70 at 11.) He also cites cases involving marijuana trafficking offenses and states that the national average for a marijuana offense was 40 months in 2011 and 27 months in 2017. (*Id.* at 10-11.) Defendant argues he received a sentence "184 months longer than the national average for drug offenses." (*Id.* at 11.) However, Defendant was not convicted of a drug offense and therefore these sentences are not an appropriate basis for comparison.

Defendant, citing to *United States v. Rollins*, 540 F. Supp. 3d 804, 810 (N.D. Il. 2021), asserts that "the national average for firearms offenses is 52.8 months, and argues that the disparity between that average and his sentence is excessive. (ECF No. 70 at 11.) Notably, the court in *Rollins* recognized that this was merely an average sentence and encompassed a wide range of defendants. *See Rollins*, 540 F. Supp. 3d at 810. Here, Defendant was sentenced as a career offender, and any comparison or evaluation of his sentence must account for this enhancement. Defendant's sentencing range with the career offender enhancement was 262 months to 327 months imprisonment, and as noted, Defendant's 280-month sentence falls in the lower half of that range.

Nor has Defendant shown an unwarranted disparity between his sentence and the sentences of his co-defendants. There are distinctions in the cases which make the differences understandable and appropriate. One of the men Defendant identifies as a co-defendant was not even charged in the offense, and the other, co-defendant Sandoval, entered into a separate plea agreement with the Government which impacted his sentence. Co-defendant Sandoval pled guilty to one count of conspiracy to manufacture and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 and was sentenced to 36 months of imprisonment. (Case No. 1:06CR161-2 (M.D.N.C.), ECF No. 40.) The different counts of conviction as well as the fact Defendant was sentenced as a career offender supports the wide difference in the sentences given for his co-defendants. Furthermore, the facts indicate Defendant was the leader of the operation and Sandoval was a distributor for Defendant. (ECF No. 66, ¶¶ 6-7.) For these reasons, this court finds that Defendant has failed to show an unwarranted disparity in sentences that supports a reduction in his sentence.

### B. 18 U.S.C. § 3553(a) Factors

Defendant has failed to show an extraordinary and compelling reason warranting a reduction in sentence, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, the Court finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). The Court weighs whether the nature of the offense, a defendant's personal history, the sentence relative to the nature and seriousness of his offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need

to provide a defendant with effective rehabilitative circumstances, the need to avoid sentencing disparity, and other sentencing considerations weigh in favor of relief. *See id.* A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

The Court recognizes Defendant was in his mid-twenties when he was convicted and has spent almost 20 years in prison. However, consideration of the § 3553(a) factors weighs against a reduction in sentence. Defendant's behavior at the time of the offense was serious. Defendant, a convicted felon, was running a large-scale drug trafficking operation from his home and possessed multiple firearms in furtherance of that operation. (ECF No. 66, ¶ 9.) After a search warrant was executed at initial locations, Defendant relocated to another address. (*Id.*, ¶ 9.) When that new address was subsequently searched more weapons and over 400 rounds of ammunition were recovered. (*Id.*)

Defendant's criminal history also weighs decidedly against early release. Prior periods of incarceration and supervised release appear to have had little impact on his propensity to reoffend. Defendant's criminal conduct began at the age of 14 with criminal adjudications for felony offenses dating back to that time. (*Id.*, ¶¶ 16-19.) Defendant has nine adult criminal convictions, including convictions for felony possession with intent to distribute marijuana, felony assault with a deadly weapon with intent to kill, and attempted robbery involving the use of a handgun. (*Id.*, ¶¶ 22, 25-26.) At the time of sentencing in this case Defendant had additional pending charges including for felony assault with a deadly weapon with intent to kill inflicting serious injury. (*Id.*, ¶¶ 33-36.) Defendant was on parole or had only recently been discharged from parole when he committed the instant offense. (*Id.*, ¶¶ 1, 28.)

Even more concerning, Defendant has incurred around thirty disciplinary infractions while incarcerated. (ECF No. 74-4 at 1-12.) These infractions including multiple citations for serious offenses such as possessing a dangerous weapon and possessing drugs, and the records before the Court show infractions even in the last several years. (*Id.* at 1-2.) This behavior indicates Defendant is still having difficulty conforming his behavior to what is required and undermines any finding that he is suitably rehabilitated.

Accordingly, the Court determines the § 3553(a) factors, particularly Defendant's personal history, the need to deter crime, and the need to protect the public weigh against granting a reduction in sentence. The Court finds that Defendant's current sentence is "sufficient, but not greater than necessary" and any lesser sentence would not deter crime, provide adequate time for rehabilitation, or reflect the seriousness of the crime. *See* 18 U.S.C. § 3553(a)(2).

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582 (c)(1)(A), (ECF No. 70), is **DENIED**.

This, the 6th day of October 2025.

/s/ Loretta C. Biggs
Senior United States District Judge